Donald R. McPhail (*pro hac vice* forthcoming)
Eric W. Schweibenz (*pro hac vice* forthcoming)
MERCHANT & GOULD P.C.
1900 Duke Street, Suite 600
Alexandria, VA 22314
Telephone: (703) 684-2500
Facsimile: (612) 332-9091
dmcphail@merchantgould.com
eschweibenz@merchantgould.com

Jeffrey D. Wexler (SBN 132256)
(local counsel)
PILLSBURY WINTHROP
SHAW PITTMAN LLP
725 South Figueroa Street
Suite 3600
Los Angeles, CA 90017-5524
Telephone: (213) 488-7100
Facsimile: (213) 629-1033
jeffrey.wexler@pillsburylaw.com

*Attorneys for Plaintiff and Counterclaim Defendant CMI USA, Inc..*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

IN RE: DEPOSITION SUBPOENAS TO CORSAIR GAMING INC. AND CORSAIR MEMORY INC.

IN CONNECTION WITH:

CMI USA, INC.,
Plaintiff and Counterclaim Defendant,
COOLER MASTER COMPANY, LTD.,
Counterclaim Defendant,
v.
SHENZHEN APALTEK CO., LTD.; GUANGDONG APALTEK LIQUID COOLING TECHNOLOGY CO., LTD.; SILVERSTONE TECHNOLOGY CO., LTD.;SILVERSTONE TECHNOLOGY, INC.;ENERMAX TECHNOLOGY CORP.; and ENERMAX USA,
Defendants and Counterclaimants

Case No.: 3:26-mc-80312

Case No. 5:24-CV-00353-KK (SPx)

Pending in: The United States District Court for the Central District of California, Eastern Division

**PLAINTIFF AND COUNTERCLAIM DEFENDANT CMI USA, INC.'S NOTICE OF MOTION AND MOTION TO ENFORCE DEPOSITION SUBPOENAS AGAINST CORSAIR; MEMORANDUM OF POINTS AND AUTHORITIES**

**[PUBLICLY FILED VERSION]**

DATE: December 2, 2026
TIME: TBD
PLACE: TBD

**TO CORSAIR GAMING INC., CORSAIR MEMORY INC., AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on December 2, 2026, or as soon thereafter as counsel may be heard, in a Courtroom and before a judge to be determined, located in the United States Courthouse, 280 South 1st Street, San Jose, CA 95113, CMI USA, Inc. ("CMI") will and hereby does move this Court for an order, pursuant to Rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure, to enforce its deposition subpoenas against third-parties Corsair Gaming Inc. and Corsair Memory Inc. (collectively, "Corsair"). This Motion is made on the following grounds:

CMI moves this Court to enforce the deposition subpoenas against Corsair. Corsair has refused to produce a witness for deposition (or even provide a date for deposition) in response to CMI's duly-served deposition subpoenas. Corsair has made various boilerplate objections to the deposition subpoenas—including that a deposition would be "cumulative of the documents Corsair will produce" in response to CMI's separate subpoenas for documents—but those objections cannot stand, particularly because Corsair has acknowledged that it possesses technical information on a key product but is also unable to locate any responsive technical documents for that product.

This Motion is based on this notice, the accompany memorandum of points and authorities, the Declaration of Donald R. McPhail filed concurrently herewith, the [Proposed] Order lodged concurrently herewith, and upon such other argument as the Court may consider before or at the hearing on this motion.

Dated: October 26, 2026

JEFFREY D. WEXLER
PILLSBURY WINTHROP SHAW PITTMAN LLP

DONALD R. MCPHAIL
ERIC W. SCHWEIBENZ
MERCHANT & GOULD P.C.

/s/ *Jeffrey D. Wexler*
Jeffrey D. Wexler

/s/ *Donald R. McPhail*
Donald R. McPhail

*Attorneys for Plaintiff and Counterclaim Defendant CMI USA, Inc.*

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Pursuant to Rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure, Plaintiff and Counterclaim Defendant CMI USA, Inc. ("CMI") moves to enforce its deposition subpoenas against third-parties Corsair Gaming Inc. and Corsair Memory Inc. (collectively, "Corsair"), served in a pending action in the Central District of California styled as *CMI USA, Inc. v. Shenzhen Apaltek Co., Ltd., et al.*, Case No.: 5:24-CV-00353-KK (SPx).

## I. BACKGROUND

In the underlying action, CMI accuses Defendants Shenzhen Apaltek Co., Ltd.; Guandong Apaltek Liquid Cooling Technology Co., Ltd.; Silverstone Technology Co., Ltd.; Silverstone Technology, Inc.; Enermax Technology Corp.; and Enermax USA (collectively, "Defendants") of infringing certain claims of U.S. Patent Nos. 10,509,446 (the '446 patent); 11,061,450 (the '450 patent) and D856,941 (the '941 patent). In their invalidity contentions, Defendants have asserted that the asserted claims of the '446 and '450 patents are invalid as anticipated by a Corsair product—the "Corsair H50"—that was allegedly "marketed and/or sold" by Corsair in the U.S. before those patents' 2015 priority date.

Defendants initially served subpoenas on Corsair seeking information on the Corsair H50 that was supposedly "imported, used, offered for sale, or sold before December 1, 2015." CMI then also served subpoenas on Corsair that were somewhat broader in that they sought information on "all versions" of the Corsair H50—not only a particular version that was allegedly sold before the '446 and '450 patents' priority dates.[1] *See* Declaration of Donald R. McPhail ("McPhail Decl."), Exs. A-E. CMI served these broader subpoenas because it was aware (based on its own investigation) that there are at least two distinct versions of the "Corsair H50" product, and that these versions appear to have materially different structures and operations.

[1] CMI's subpoenas were served on Corsair on September 14, 2026. *See* McPhail Decl., Exs. G-J. However, due to a clerical error, the document requests and deposition topics were omitted from that initial service package. These were subsequently provided to Corsair's counsel on September 18, 2026. *See id.*, Ex. K.

In response to CMI's subpoenas, Corsair served objections and responses and produced a total of twelve documents—all of which related to the particular Corsair H50 version that was at issue in Defendants' subpoenas. *See id.*, Ex. F. Corsair also [redacted] *See id.*, Sup. Response to Request No. 1. Corsair nevertheless refused to provide a witness for deposition, indicating that [redacted] *Id.*, Response to Topic No. 1.

CMI's counsel and Corsair's counsel had an initial teleconference regarding the subpoenas on September 18, 2026. *See* McPhail Decl., ¶ 16. Corsair then produced its twelve documents. *See id.* CMI's counsel subsequently sent an email to Corsair's counsel on October 14, 2026 indicating that CMI intended to proceed with Corsair's deposition pursuant to CMI's subpoenas [redacted] *See id.*, Ex. L. Corsair's counsel did not respond to this email. *See id.*, ¶ 16. CMI's counsel then sent a follow-up email on October 19, 2026 requesting a meet-and-confer to the extent that Corsair was refusing to provide a witness for deposition. *See id.*, Ex. M. The parties then had a teleconference on October 23, 2026. *See id.*, ¶ 19. In this teleconference, Corsair indicated that it would not be providing a witness for deposition and that it would oppose the instant motion to enforce the subpoenas and compel a deposition. *See id.*, Ex. N.

## II. TIMELINESS OF MOTION

The fact discovery cut-off in the underlying case is October 29, 2026. Accordingly, the instant motion is timely under N.D. Cal. L.R. 37-3 (requiring that motions related to fact discovery—including motions to quash or enforce subpoenas—be filed no more than 7 days after the discovery cutoff.) Moreover, the court in the underlying case has already authorized multiple party depositions to be taken after the October 29, 2026 cut-off. *See CMI USA, Inc. v. Shenzhen Apaltek Co., Ltd.*, No.

5:24-CV-00353-KK (C.D. Cal.), Order on Joint Stipulation to Extend Fact Discovery Deadline (Dkt. 106). And even if the Court were to find that there were timeliness issues here—which it should not—those are not a sufficient reason to deny the motion and foreclose the important discovery at issue. *See Availink, Inc. v. Tex. Instruments, Inc.*, No. 25-mc-80119-EKL (PHK), 2025 U.S. Dist. LEXIS 107440, at *16-17 (N.D. Cal. Jun. 5, 2025) (ordering third-party deposition to proceed even though "fact discovery has closed in the underlying case and expert discovery is about to close.").

## III. ARGUMENT

CMI requests that this Court enforce the deposition subpoenas against Corsair and compel Corsair to provide a witness for deposition. Corsair's assertion that a deposition would be "cumulative of the documents Corsair will produce" is belied by the fact that Corsair has not produced a single document regarding [redacted]. Moreover, even if Corsair had produced documents (or manages to find documents in the future despite not having located them so far), this would still not obviate the need for a deposition. *See, e.g.*, *id.* at *9-17 (granting-in-part motion to compel and ordering deposition of third party even after third party produced sufficient documents in response to subpoena).

Pursuant to Local Rule 37-2, CMI reproduces the applicable deposition topics below, followed by argument as to each topic.

### A. Topic No. 1.

**TOPIC NO. 1:**

The structure, operation, liquid coolant flow, and internal components and compartments of the CORSAIR H50.

**RESPONSE TO TOPIC NO. 1:**

[redacted]

[redacted]

This topic seeks technical information on the structure, operation, liquid coolant flow, and internal components and compartments of the CORSAIR H50. The "CORSAIR H50" is defined as "***all versions*** of the Corsair H50 Hydro Series product ever released, marked, advertised, or offered for sale by Corsair and supplied by ASETEK." Exhibit A to Corsair Subpoenas at 1 (emphasis added).

CMI needs information on all versions of the Corsair H50—not only the particular version that Defendants are attempting to rely on as prior art—because Defendants' ability to prove invalidity by clear and convincing evidence would be impacted by the existence of materially-different versions of Corsair H50 products in a similar timeframe as the one Defendants are relying on. For example, in *In re Epstein*, 32 F.3d 1559, 1567 (Fed. Cir. 1994), the Federal Circuit analyzed whether there was sufficient evidence of anticipation based on a prior art product where there were multiple versions of the product in existence. While the Court ultimately affirmed the USPTO's rejection of patent claims as anticipated under a preponderance of the evidence standard, this was based on the Court's findings that "the features relied upon [in the prior art product] are not of the type that would be altered over the life of the product" and that there was no evidence that "earlier versions of the various prior art … products did not have certain features…" *Id.* Under *Epstein*'s reasoning, CMI is entitled to discovery into the features of other versions of the Corsair H50 because these will bear on Defendants' ability to prove that the "Corsair H50" invalidates CMI's '446 and '450 patents. While the result on the merits

*could* ultimately be the same as in *Epstein*, it also might not be—indeed, this will depend in part on the very evidence that CMI is seeking. And importantly, Defendants have a higher burden of proof here (clear and convincing evidence) and must overcome the presumption of validity, unlike the *ex parte* prosecution scenario in *Epstein*. *See* 35 U.S.C. 282(a); *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 95 (2011).

[redacted] Again, this information bears directly on Defendants' invalidity arguments in the underlying case under *In re Epstein*, 32 F.3d at 1567. And because there are apparently no documents available, the only way for CMI to obtain this information is through a deposition.

Given the relevance and importance of the information sought through the deposition here—it could make or break the dispositive issue of anticipation in the underlying case—it is clearly "proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Nevertheless, and

particularly because Corsair is a non-party, CMI is willing to work with Corsair on minimizing its burden, *e.g.*, through agreeing to a shortened time for deposition and/or a remote deposition. *See Availink*, 2025 U.S. Dist. LEXIS 107440, at *9-17 (ordering third-party deposition but imposing various conditions to minimize burden, such as allowing the deposition to be taken remotely at the third-party's option). But in the October 23, 2026 meet-and-confer teleconference, Corsair flatly refused to offer a deposition under any circumstances, so CMI and Corsair were unable to discuss deposition logistics. *See* McPhail Decl., Ex. N.

**B. Topics Nos. 2 and 3.**

**TOPIC NO. 2:**

The importation, use, offers for sale, and sales of the CORSAIR H50 – by CORSAIR or any third party – in the United States, and the circumstances surrounding those importations, uses, offers for sale, and sales.

**RESPONSE TO TOPIC NO. 2:**

[redacted]

**TOPIC NO. 3:**

The circumstances surrounding CORSAIR's relationship with ASETEK as a supplier of the CORSAIR H50, including CORSAIR's purchase of CORSAIR H50 units from ASETEK.

**RESPONSE TO TOPIC NO. 3:**

[redacted]

[redacted]

Like Topic No. 1, these topics also relate to all versions of the Corsair H50 and are thus important areas of discovery relevant to Defendants' anticipation arguments in the underlying case. In particular, beyond the purely technical information on [redacted] CMI needs to know when and under what circumstances these [redacted] were imported, used, offered for sale, and sold in the U.S. and understand the relationship between Corsair and its supplier of key components of the Corsair H50 (Asetek). And for reasons similar to those discussed above in connection with Topic No. 1, CMI needs a deposition on these topics at least because Corsair apparently has no documents on them but does have responsive information that it could provide through a deposition of an adequately prepared witness.

**IV. CONCLUSION**

For the foregoing reasons, CMI respectfully requests that the Court grant this motion, enforce the deposition subpoenas against Corsair, and order that Corsair submit to a reasonable deposition on Topics 1-3 in the subpoenas.

Dated: October 26, 2026

JEFFREY D. WEXLER
PILLSBURY WINTHROP SHAW PITTMAN LLP

DONALD R. MCPHAIL
ERIC W. SCHWEIBENZ
MERCHANT & GOULD P.C.

/s/ *Jeffrey D. Wexler*
Jeffrey D. Wexler

/s/ *Donald R. McPhail*
Donald R. McPhail

*Attorneys for Plaintiff and Counterclaim Defendant CMI USA, Inc.*